Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC COMO AGENTE GESTOR DE FAIRWAY ACQUISITIONS FUND, LLC<br><br>RECURRIDO<br><br>v.<br><br>MIGUEL A. NIEVES PÉREZ<br><br>PETICIONARIO | TA2026CE00481 | *Petición de Certiorari del Tribunal de Primera Instancia Sala Superior de Gurabo*<br><br>Caso Num. GR2022CV00019<br><br><br>Sobre:<br>Cobro de Dinero – Ordinario. |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez.

*Grana Martínez, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de mayo de 2026.

Comparece ante nos Miguel A. Nieves Pérez (en adelante el Peticionario) mediante una Petición de *Certiorari* instada el 20 de abril de 2026. En su recurso, nos solicita que revoquemos la Resolución del Tribunal de Primera Instancia emitida el 19 de marzo de 2026 en donde se declaró "No Ha Lugar" la Moción de Relevo de Sentencia presentada por este.

Por los fundamentos que expondremos a continuación se deniega la Petición de *Certiorari*. Exponemos el trasfondo factico y procesal que acompaña la presente controversia.

## I.

El 2 de febrero de 2022, Island Portfolio Services, agente de Fairway Acquisition Fund, LLC (en adelante, el Recurrido) presentó una Demanda de cobro de dinero en contra del Peticionario.[1] La

---

[1] Véase, Sumac Entrada núm. 1 del TPI.

causa de acción se fundamenta en una deuda ascendente a $13,974.26.[2]

El 18 de febrero de 2022, el Recurrido envió mediante correo certificado la notificación – citación.[3] No obstante, no fue reclamada por lo que no fue recibida por el Peticionario.[4]

El 4 de abril de 2022, el Recurrido formuló una Moción en cumplimento de orden y solicitando autorización para diligenciar personalmente la notificación- citación. [5] El foro primario emitió una Orden en la cual señaló que "[l]a Regla 60 [de Procedimiento Civil] autoriza el diligenciamiento personal de la notificación citación".[6] Este diligenciamiento también fue infructuoso.

El 14 de junio de 2022, el Recurrido presentó una Solicitud de autorización para emplazar por edicto.[7] Además, requirió que se convirtiera el procedimiento sumario de cobro de dinero a uno ordinario, reconociendo que el emplazamiento por edicto es incompatible con el procedimiento sumario.[8]

El 17 de junio de 2022, el foro primario emitió una Orden en la cual expuso que "se autoriza el emplazamiento por edicto de Miguel Níeves Pérez".[9] Luego, el 27 de junio de 2022, el foro primario mediante otra Orden señaló que:

> Se convierte el trámite del caso al procedimiento civil ordinario. Se autoriza el emplazamiento por edicto del demandado. El mismo [omitido] se publicará una vez en un periódico de circulación diaria general, disponiéndose, además que en los diez (10) días siguientes a la publicación del edicto se le dirija a dicha parte demandada por correo certificado con acuse de recibo, una copia del emplazamiento y de la demanda presentada a su última dirección conocida. Se acorta a 60 días el término para emplazar. Expídase emplazamiento por edicto.[10]

---

[2] *Íd.*
[3] Véase, Sumac Entrada núm. 6 del TPI.
[4] *Íd.*
[5] Véase, Sumac Entrada núm. 7 del TPI.
[6] Véase, Sumac Entrada núm. 10 del TPI.
[7] Véase, Sumac Entrada núm. 12 del TPI.
[8] *Íd.*
[9] Véase, Sumac Entrada núm. 13 del TPI.
[10] Véase, Sumac Entrada núm. 14 del TPI.

En ese mismo día, es decir el 27 de junio de 2022, la secretaria del tribunal expidió el emplazamiento por edicto.[11]

El 29 de agosto de 2022, el Recurrente acreditó que el emplazamiento por edicto fue publicado el 19 de agosto de 2022 en el periódico The San Juan Star.[12] Asimismo, se notificó el 22 de agosto de 2022, que el emplazamiento por edicto fue publicado.[13]

El 19 de enero y notificado el 24 de enero de 2023, el foro primario emitió una Sentencia en la cual dispuso que:

> El demandado fue emplazado por edicto. No habiendo comparecido en autos, y vencido el término para ello, se le anota la rebeldía y se le condena a pagar a la parte demandante la suma de $13,974.26 reclamada en la Demanda, más las costas. Esta sentencia devengará intereses a razón del tipo prevaleciente a la fecha en que se dicte la misma.[14]

El 31 de enero de 2023, se publicó la Sentencia por edicto en el periódico San Juan Daily Star.[15]

El 19 de febrero de 2026, el Peticionario formuló un escrito sobre Relevo de sentencia por nulidad y falta de parte indispensable.[16] En resumidas cuentas, en su escrito expone que los Recurridos presentaron su demanda el 2 de febrero de 2022, por consiguiente, el término según establecido en la Regla 60 en torno a los ciento veinte (120) días del emplazamiento, transcurrían el 5 de junio de 2022.[17] Por lo cual, el emplazamiento solicitado el 14 de junio de 2022 estaba fuera de término.[18] El 19 de marzo de 2026, el foro primario emitió una Resolución en la cual declaró "No Ha Lugar" al antes mencionado escrito.[19]

---

[11] Véase, Sumac Entrada núm. 17 del TPI.
[12] Véase, Sumac Entrada núm. 19 del TPI.
[13] Íd.
[14] Véase, Sumac Entrada núm. 21 del TPI.
[15] Véase, Sumac Entrada núm. 24 del TPI.
[16] Véase, Sumac Entrada núm. 38 del TPI.
[17] Íd.
[18] Íd.
[19] Véase, Sumac Entrada núm. 40 del TPI.

Inconforme con esta determinación, el Peticionario presentó una Petición de *Certiorari* ante este foro apelativo en la cual realizó los siguientes señalamientos de errores:

1. Incidio [sic] el tribunal de primera instancia al declarar no ha lugar la mocion (sic) de relevo de sentencia.

2. Incidio (sic) el tribunal de primera instancia al no haber desestimado la demanda sin perjuicio a los 120 dias (sic) luego de presentada la demanda del caso de epigrafe (sic).

3. Incidio (sic) el tribunal de primera instancia al actuar sin jurisdiccion (sic) ya que la perdio (sic) ante la inercia de la parte recurrida de no emplazar dentro del termino (sic) de 120 dias (sic).

## II.

### A. Certiorari.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491, hoy conocido como Ley de Recursos Extraordinarios. Véase también *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728 (2016). La Ley de la Judicatura dispone que el Tribunal de Apelaciones conocerá mediante auto de Certiorari expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia. 4 LPRA sec. 24(y)(b). El recurso que debe utilizar la parte que propone al foro apelativo el examen de la denegatoria por parte del Tribunal de Primera Instancia de una moción de relevo de sentencia es el *certiorari. Ortalaza García v. FSE,* 116 DPR 700, 702 esc.1 (1985). Ahora bien, aunque el *certiorari* se reconoce como un recurso discrecional la sensatez del juzgador se guía por unos límites. Es decir, la discreción judicial no es irrestricta

y ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC,* supra, pág. 729; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

### A. Moción de Relevo de Sentencia.

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V gira en torno a la moción de relevo de sentencia. Esta regla "establece el mecanismo procesal que se tiene disponible para solicitar al foro de instancia el relevo de efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos". *García Colón et al. v. Sucn. González,* 178 DPR 527, 539 (2010).

La antes mencionada regla establece que se podrá relevar a una parte de una sentencia, orden o procedimiento si surgen uno de los siguientes motivos: (a) Error, inadvertencia, sorpresa o negligencia excusable; (b) Descubrimiento de evidencia esencial; (c) fraude; (d) nulidad de sentencia (e) La sentencia ha sido satisfecha (f) cualquier otro motivo que justifique la concesión de un remedio en contra de los efectos de la sentencia. Regla 49.2 de Procedimiento Civil, *supra.*

Puntualizamos que la Regla 49.2, *supra,* incorpora una facultad importante que poseen los tribunales para dejar sin efecto alguna sentencia u orden suya, por causa justificada en aras de hacer justicia. *Piazza v. Isla del Río, Inc.,* 158 DPR 440, 448 (2003); *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior,* 87 DPR 903, 905–906 (1963). No obstante, aunque el remedio de reapertura presupone una interpretación liberal en pos de la justicia, no quiere decir que es una facultad judicial absoluta, porque a éste se contrapone la fundamental finalidad de que haya certeza y estabilidad en los

procedimientos judiciales, y de que se eviten demoras innecesarias en el trámite judicial. Por lo que, le toca a los tribunales, establecer un balance adecuado entre ambos intereses. *Piazza v. Isla del Río, Inc.*, supra; *Fine Art Wallpaper v. Wolff*, 102 DPR 451, 457–458 (1974).

En lo que respecta a la nulidad de la sentencia nuestro máximo foro local ha establecido que una sentencia será nula en el escenario de que un tribunal dicte una sentencia sin tener jurisdicción sobre la materia o sobre la persona. *ELA v. Tribunal Superior*, 86 DPR 692, 698 (1962). En palabras del Prof. Hernández Colón la "[f]alta de jurisdicción puede significar falta de jurisdicción en términos absolutos o falta de jurisdicción sobre la persona o defectos en el emplazamiento". R. Hernández Colón*, Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6.ª ed. rev., San Juan, Ed. Lexis Nexis, 2017, pág. 457. Por consiguiente, si no se ha emplazado a una persona y no se ha adquirido jurisdicción sobre su persona la sentencia será nula. La decisión de si se releva a una parte de la sentencia será discrecional del juzgador, ahora bien, en el caso de que la sentencia haya sido nula, el juez no tendrá discreción y tiene que decretar su nulidad. *García Colón v. Sucn. González*, supra, pág. 544.

La Regla 49.2 de Procedimiento Civil, *supra* establece un plazo de seis (6) meses en la cual se debe presentar la moción de relevo de haberse registrado la sentencia. Ahora bien, de haber una sentencia nula el juzgador tiene que declarar su inexistencia jurídica; independientemente de que haya transcurrido el término de seis (6) meses establecidos en esta regla. *Montañez v. Policía de P.R.*, 150 DPR 917, 922 (2000). En fin, que es una determinación discrecional relevar de una sentencia, excepto en los casos de nulidad o cuando se ha satisfecho la sentencia. Pero la nulidad tiene que ser demostrada y el tribunal debe tener certeza de su

procedencia. Transcurridos los seis (6) meses que dispone la Regla 49.2 de Procedimiento Civil para presentar una moción de relevo de sentencia, la parte que alega nulidad debe recurrir a un pleito independiente para impugnar el dictamen.[20] Por último, la moción de relevo de sentencia no está disponible para *corregir errores de derecho* ni errores de apreciación o valoración de la prueba; estos son fundamentos para reconsideración o apelación, pero no para el relevo. *García Colón v. Sucn. González,* 178 DPR 527, 541 (2010).

### B. Emplazamiento

El emplazamiento es el mecanismo procesal por el cual se adquiere jurisdicción sobre la persona y se le notifica al demandado la existencia de una reclamación en su contra. *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 645 (2008). El fin principal del emplazamiento es notificar al demandado de que se ha presentado un pleito en su contra y que tendrá derecho a ser oído y a defenderse si así lo cree necesario. *Rivera Báez v. Jaume,* 157 DPR 562, 576 (2002).

Los requisitos del emplazamiento tienen que cumplirse de manera estricta. *Íd.* Esta rigurosidad surge dado a que "el emplazamiento se mueve dentro del campo del Derecho Constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra". R. Hernández Colón, *op cit*, pág. 257.

Según la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V., establece que:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El secretario o secretaria deberá expedir los emplazamientos el mismo día, en que se presenta la

---

[20] Opinión disidente emitida por la Jueza Asociada señora Pabón Charneco en *Oriental Bank v. Pagan Acosta*, 2024 TSPR 133 (SENTENCIA).

demanda. *Si el secretario o secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos* una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. (Énfasis y subrayado nuestro).

Por consiguiente, la Regla 4.3 de Procedimiento Civil, *supra* exige que el emplazamiento sea diligenciado dentro del término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 990 (2020). Una vez la secretaria del Tribunal expida el emplazamiento se activará el término de ciento veinte (120) días para diligenciar el emplazamiento a la parte. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 382 (2021). Este plazo de ciento veinte (120) días es uno improrrogable, si no se diligencia el emplazamiento en el término antes mencionado se desestimará la demanda. *Bernier González v. Rodríguez Becerrra*, 200 DPR 637, 648 (2018).

Por último, el Tribunal Supremo de en su última opinión atendiendo la figura jurídica del emplazamiento estableció que:

> [E]n todos los casos que hemos atendido, los 120 días para diligenciar un emplazamiento y las consabidas consecuencias se activan única y exclusivamente desde que la Secretaria del Tribunal de Primera Instancia expide el formulario para el diligenciamiento personal y, *en el caso de los emplazamientos por edictos, el plazo comienza desde que el foro primario emite la orden autorizándolo. Bonilla Sánchez v. Orta y otros*, 2026 TSPR 32, 13 218 DPR __ (2026).

### III.

El 2 de febrero de 2022, el Recurrido presentó una Demanda de Cobro de Dinero en contra del Peticionario. El 18 de febrero de 2022, el Recurrido envió por correo certificado su notificación-citación al Peticionario, el cual no fue recibida. Luego, el 4 de abril

de 2022, el Recurrido intentó diligenciar personalmente la citación. Pero, el Peticionario no estaba en su hogar.

Por consiguiente, el 14 de junio de 2022, el Recurrido presentó una solicitud de autorización para emplazar por edicto y que se convirtiera el proceso sumario de cobro de dinero a uno ordinario. Esto dado que, la jurisprudencia ha establecido que el emplazamiento por edicto es contrario al cobro de dinero por la vía sumaria.

El 27 de junio de 2022, el foro primario mediante una orden convirtió el proceso sumario a uno ordinario y autorizó a que se emplazara por edicto al peticionario. En la fecha antes mencionada la secretaria del tribunal expidió el emplazamiento por edicto. A su vez, el emplazamiento por edicto fue publicado el 19 de agosto de 2022 en el periódico San Juan Star.

El 19 de febrero de 2026, es decir alrededor de más de tres (3) años se presentó una Moción de Relevo de Sentencia, donde se expone que se emitió una sentencia nula debido a que no se emplazó a él Peticionario en el término de 120 días.

Recordemos que, aunque el remedio de reapertura existe en bien de la justicia, no constituye una facultad judicial absoluta. El remedio de reapertura no es una llave maestra, sino que está sujeto al término de seis meses para la presentación de la moción de relevo de sentencia. Su transgresión es fatal dejando como único remedio la presentación de un pleito independiente en los casos de nulidad. Transcurrido el término de seis meses desde que la sentencia advino final y firme, no observamos los criterios que justifiquen nuestra intervención con el dictamen del foro primario.

**IV.**

Razón por la cual, denegamos la Petición de *Certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.  La Jueza Lotti Rodríguez concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones